## In re LA FRANCE COPPER CO.

(District Court, D. Montana. May 13, 1913.)

No. 712.

1. BANKRUPTCY (§ 262*)—SALE OF ASSETS—DUTY OF TRUSTEE.

Act March 3, 1893, c. 225, 27 Stat. 751 (U. S. Comp. St. 1901, p. 710), requiring that judicial sales of land shall be made on the property or at the courthouse in the county where it lies, on not less than four weeks' notice, does not apply to sales in bankruptcy by the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 363–365; Dec. Dig. § 262.*]

2. BANKRUPTCY (§ 260*)—SALES OF REALTY BY TRUSTEE—RESTRICTIONS.

Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), places no restrictions on the trustee's sale of real property at public auction, and requires no order of the court therefor; and it is therefore immaterial to the legality of the sale that an order of the court was procured.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 360; Dec. Dig. § 260.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the La France Copper Company. On review of referee's orders in the matter of a sale of the bankrupt's real and personal property, made at public auction in a county other than that in which the property was located and without four weeks' published notice. Affirmed.

Lamb & Walker, of Butte, Mont., for creditors.
Gunn, Rasch & Hall, of Helena, Mont., for bankrupt.
Binnard & Rodger, of Butte, Mont., for objectors to sale.

BOURQUIN, District Judge. [1] The main contention is based on noncompliance with Act March 3, 1893, c. 225, 27 Stat. 751 (U. S. Comp. St. 1901, p. 710). It will be observed said act antedates the Bankruptcy Act, and is one of restriction upon jurisdiction. The Bankruptcy Act confers full and exclusive jurisdiction, both legal and equitable, to administer bankrupt estates. In so far as it is not express, it authorizes the Supreme Court to prescribe procedure. It would seem to provide a complete system and the only rule for such administration. Act March 3, 1893, seems to relate to judicial sales pursuant to some order or decree creating or declaring a right to sell, and which right could not be exercised, but. for the order or decree; sales necessarily authorized and ordered by the court; sales void, but for such order or decree; sales divesting the title of the former owner. Sales in bankruptcy are not like these in character.

[2] The Bankruptcy Act operates as a transfer from the bankrupt to the trustee of the title to the bankrupt's property. The trustee's duty is to collect and reduce to money the property of the estate. To that end he has the usual powers and discretion of trustees for like

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

purposes, save to the extent restricted by the Bankruptcy Act. The latter act places no restrictions on the trustee's sale of realty at public auction and requires no order of the court therefor. The Supreme Court, however, by general orders, prescribes authorization by the court before any private sale shall be made. Even this is but a restriction on power otherwise possessed by the trustee. Though the trustee reduces the estate to money "under the direction of the court," this no more necessitates an order of the court to sell realty at public auction than to collect a chose in action. Therein the court may, but need not, give special directions, in the nature of orders. The creditors are entitled to notice of proposed sales, but this may be given by the trustee by order of the judge. All sales shall, "when practicable," be made subject to the approval of the court (scrutiny and order after sale and not before sale), and not otherwise for less than 75 per cent. of the appraised value.

It would seem clear that a trustee in bankruptcy has power to sell outright realty of the estate without any order of court, and after such notice and at such place as in his judgment seems best for the estate. The fact that in the instant case an order of sale was made by the court (referee) does not affect the legal aspect. To procure the order is discreet, and it might in some contingencies protect the trustee; but it is not necessary, and it neither adds to nor detracts from his otherwise power and discretion. No doubt the court can control the trustee and any abuse of his discretion, order sales, and dictate the procedure; but here, as in equity, the trustee may without special order do that which the court might order.

For the reasons given, I am persuaded Act March 3, 1893, has no application to sales in bankruptcy. And so are the cases In re Britannia Mining Co. (C. C. A.) 203 Fed. 451, and cases cited.

In the matter of sale, wherein it is alleged weather conditions discouraged examination of the realty, sale en masse, and refusal of the referee to order a new sale on a higher bid of 20 per cent., the circumstances disclose no abuse of discretion.

Orders affirmed.